MAY 1804.

Brosius
vs
Reuter

BROSIUS vs. REUTER *et. al.*

A *mandamus* cannot issue without notice from the court to the opposite party

The form of such notice

THIS was a motion for a *mandamus* to restore the plaintiff to the possession of a church, &c. grounded upon a notice given by him to the defendants, previous to the sitting of the court. The depositions of several witnesses were read to the court, to show that the plaintiff had been illegally expelled from the church mentioned in the motion, called *The Saint John's German Catholic Church of Baltimore*, by the defendants, and that the defendants were in the possession of the same wrongfully. The question for the decision of the court, on the motion, was, whether a *mandamus* could issue, as the notice to the opposite party did not emanate from the court, but was given by the plaintiff to the defendants in *April* last, of his intended application to the court at the present term for a *mandamus* to be restored, &c.

*Hollingsworth* and *Harper*, for the plaintiff, stated, that the rule to show cause was not a matter of course, but that the court in a plain case, as they held this to be, would issue a *mandamus* without notice; especially as the notice which had been given in this case was sufficient to prevent surprise. They cited *Bac. Ab.* tit. *Mandamus.*

*Martin*, (Attorney-General,) contra. Regular notice should go from the court, and no out of door notice could, he contended, be taken notice of.

*Harper* and *Hollingsworth*, in reply. The notice in this case was given merely to accelerate the decision. In *Bac. Ab.* tit. *Mandamus*, where the party had been in possession, and turned out, no rule was deemed necessary. In this case the complainant was regularly in possession, and was turned out by the defendants. There can be no difference to the parties except that of expediting the determination. If the *ex parte* notice be to a particular day, and the subject is not taken up by the court on that day, then there could

be no proceeding under that notice, and a new one must be given. In this case the party defendants, by their counsel, on the day were in court, and were present when the motion was made. Where the party was never in possession, a rule from the court might be necessary. But the defendants knew they put the plaintiff out improperly, and that it was probable application would be made for a *mandamus.*

CHASE, Ch. J. The court think the regular way is to obtain a rule from the court on the party to show cause, &c. This was the practice in the case of *Runkel vs. Winemiller* et al. 4 *Harr. & M'Hen.* 429. The party is not bound to take notice of any *ex parte* notice to appear, &c.

Let the rule go to the first day of the next term.

And it was "ruled by the court, that the Reverend *Cæsarius Reuter,* &c. &c. of Baltimore county, and each of them, show cause by the first day of the next term of the general court, to be held at the city of Annapolis on the second Tuesday of October next, why the writ of the State of Maryland should not issue directed to them, requiring and commanding them, and each of them, to restore, or cause to be restored, the Reverend *Francis Xavier Brosius* to the possession, occupation and use of the church, belonging to the religious congregation called *The Saint John's German Catholic Church of Baltimore,* and of the pulpit and altar of the said church, and of the parsonage house thereof, and of all and singular the effects, property, rights, privileges. liberties and functions, to the said church, altar and pulpit, and to the office and duty of rector or priest of the said congregation, in any wise belonging."

At the next term, (October 1804,) on the first day of the term, the defendants not appearing in person, or by counsel, the rule was made absolute, and a *mandamus* ordered. There was proof of the service of the rule on each of the defendants; and other affidavits, &c. were filed.